AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF IJK PALM LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) |
| *Defendant* | ) |

Civil Action No.  3:16MC171(RNC)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                  Kattegat Limited

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Those matters as more fully described in IJK Palm's Application and Supporting Memorandum.

| Place: Verrill Dana LLP<br>33 Riverside Avenue<br>Westport, CT 06880 | Date and Time:<br>08/09/2016 8:30 am |
|---|---|

The deposition will be recorded by this method:  ___Court Reporter and Video___

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___6/14/2016___

*CLERK OF COURT*

Judy Fazekas

OR

_____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| | | |
|---|---|---|
| IN RE EX PARTE APPLICATION OF IJK PALM LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:16mc171(RNC) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                      Anholt Services (USA), Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Those matters as more fully described in IJK Palm's Application and Supporting Memorandum.

| Place: Verrill Dana LLP<br>33 Riverside Avenue<br>Westport, CT 06880 | Date and Time:<br>08/09/2016 10:00 am |
|---|---|

The deposition will be recorded by this method:   Court Reporter and Video

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   6/14/2016

CLERK OF COURT

Judy Fazekas
_____                    OR    _____
*Signature of Clerk or Deputy Clerk*                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| | |
|---|---|
| IN RE EX  PARTE APPLICATION OF IJK PALM LL | ) |
| *Plaintiff* | ) |
| v. | ) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) |
| *Defendant* | ) |

Civil Action No.  3:16mc171(RNC)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Southern Harvest Partners, L.P.
_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Those matters as more fully described in IJK Palm's Application and Supporting Memorandum.

| Place: Verrill Dana LLP | Date and Time: |
|---|---|
| 33 Riverside Avenue | |
| Westport, CT 06880 | 08/09/2016 2:00 pm |

The deposition will be recorded by this method:    Court Reporter and Video
_____

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _ 6/14/2016

CLERK OF COURT

Judy Fazzekas
_____          OR          _____
*Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                                        *Server's signature*

                                           _____
                                                        *Printed name and title*

                                           _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Connecticut

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF IJK PALM LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) |
| *Defendant* | ) |

Civil Action No.  3:16mc171(RNC)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              I. Joseph Massoud

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Those matters as more fully described in IJK Palm's Application and Supporting Memorandum.

| Place: Verrill Dana LLP<br>33 Riverside Avenue<br>Westport, CT 06880 | Date and Time:<br>08/10/2016 8:30 am |
|---|---|

The deposition will be recorded by this method:   Court Reporter and Video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  6/14/2016

CLERK OF COURT

Judy Fazekas                                             OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                                      *Server's signature*

                                                  _____
                                                      *Printed name and title*

                                                  _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

### District of Connecticut

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF IJK PALM LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:16mc171(RNC) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Rudolph Krediet

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Those matters as more fully described in IJK Palm's Application and Supporting Memorandum.

| Place: Verrill Dana LLP<br>33 Riverside Avenue<br>Westport, CT 06880 | Date and Time:<br>08/10/2016 2:00 pm |
|---|---|

The deposition will be recorded by this method:    Court Reporter and Video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _ 6/14/2016

             *CLERK OF COURT*                                      OR

             Judy Pazekas
      _____          _____
      *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Connecticut

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF IJK PALM LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   3:16mc171(RNC)

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                              Kattegat Limited
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents set forth in Schedule A, attached hereto.

| Place: Verrill Dana LLP 33 Riverside Avenue Westport, CT 06880 | Date and Time: 07/25/2016 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   6/14/2016

CLERK OF COURT

_____            OR            _____
*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

Judy Fazekas

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____     on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____   for travel and $ _____   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

In addition to and supplemental to the definitions below, the definitions and rules of construction set forth in the District of Connecticut Local Civil Rule 26(c) and (d) are incorporated herein by reference.

A. <u>Anholt.</u> The term "Anholt" means Anholt Services (USA), Inc.; Anholt Capital Partners (USA), Inc.; Anholt (USA) LLC; Anholt Investments Ltd.; and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

B. <u>And/Or.</u> The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests any information which might otherwise be construed to be outside their scope.  When used in the course of an enumeration of items as to which documents are requested, the words "or" and "and" are to be construed as requesting documents as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

C. <u>Affiliated.</u> The term "affiliated" means connection in any sense of ownership (*i.e.* whether as a parent or subsidiary of a company or owning, owned by, holding, or held by a common or related entity) or otherwise (*i.e.* as an agent, employee, representative, or other related party).

D. <u>Board/United Oils Limited board.</u> The terms "board" and/or "United Oils Limited board" means the board of directors of United Oils Limited, SEZC.

E.  CarVal/Seaport Global. The terms "CarVal" and "Seaport Global" refer to business entities of that or a similar name and which, at one time, considered or worked to secure financing the ongoing operations of United Oils Limited; the terms also include any other affiliated entity now or at any time existing under the laws of any jurisdiction.

F.  Communication. The term "communication" means any email, inquiry, discussion, conversation, agreement, undertaking, meeting, conference, telephone conversation, phone log, correspondence, note, telegram, or any other form of exchange or documentation thereof between two or more persons, whether oral or written.

G.  Document. The term "document" and "documents" should be given the broadest possible interpretation consistent with Federal Rule of Civil Procedure 34(a) and District of Connecticut Local Rule 26(c)(2), and should be taken to include, but not be limited to, originals and copies of any and all writings and recordings of whatever nature, however produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive, computer tape, microfiche or microfilm), whether signed or unsigned or transcribed and whether assertively privileged or not, including, without limitation, all letters, memoranda, correspondence, communication, statements and reports, records, e-mails, personal notes, notices, contracts and agreements, proposed drafts of contracts and agreements, statements, invoices, purchase orders, accounting records, computer printouts, financial records, ledger entries, computerized records (including Electronically Stored Information, generally all writings, graphs, charts, phonorecords, photographs and records of any kind and other data compilation from which information can be obtained.

H.   Entity. The term "entity" is defined as any natural person or any business, legal, or governmental entity, or association.

I.   Finances. The term "finances" means assets and liabilities, whether past, contemporaneous, or anticipated.

J.   Individual. The term "individual" is defined as any natural person or any business, legal, or governmental entity, or association.

K.   Kattegat. The term "Kattegat" means Kattegat Limited and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

L.   Operations. The term "operations" means the course of business, whether ordinary or otherwise, and all activities and occurrences related to operating such business.

M.   Person. The term "person" is defined as any natural person or any business, legal, or governmental entity, or association.

N.   Plantation/Plantations. The terms "Plantation" and "Plantations" refer to the lands owned or operated by United Oils Limited in Peru, the planting and harvesting of which formed the basis for the investment of IJK Palm, among others.

O.   Relate to/Related to/Relating to/Regarding. The terms "Relate to," "related to" "relating to," and/or "regarding" shall be defined broadly as in any way constituting, concerning, evidencing, mentioning, respecting, bearing on, referring to, pertaining to, or addressed in whole or in part to that subject.

P.  <u>Southern Harvest.</u> The term "Southern Harvest" means Southern Harvest Partners, L.P., SH UOL Administrative Agent, Ltd., and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

Q.  <u>United Oils Limited.</u> The term "United Oils Limited" means United Oils Limited, SEZC, and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

R.  <u>You/Your.</u> The terms "you" and "your" include not only the subject of the subpoena, but also, where applicable, its agents, representatives, and any other persons acting on or purporting to act on its behalf.

## INSTRUCTIONS

A. For any requested document or part thereof that is withheld under a claim of attorney-client privilege or attorney work product or other immunity, You shall make the claim expressly and You shall describe in a log the nature of the material withheld in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(c).

B. Notwithstanding the assertion of any objection, any requested document which You object to producing but which nevertheless contains non-objectionable information that is responsive to this Subpoena must be produced, but that portion of the document as to which the objection is asserted may be redacted, provided that such portion of the document is marked "redacted." For any document produced with redactions made under any objection or claim of attorney-client privilege or attorney work product or other immunity, You shall make the objection or claim expressly and You shall describe in a log the nature of the portion of the document redacted in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the objection, privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(e).

C. The documents requested below are to be produced as they are kept in the usual course of business and labeled in such a way as to show which files and offices they came from. Copies of all labels or other markings indicating the nature, source or other characteristics

of documents produced, such as labels on file folders, dividers and other containers, should be included with the documents produced so as to facilitate understanding of who keeps the documents produced, where they are kept and how they are organized.

D. All non-identical versions or copies of each responsive document shall be produced, regardless of whether the version are non-identical due to handwritten notations, revisions, or otherwise.

E. All documents produced in response to this subpoena shall include all attachments and all enclosures referred to in the documents or originally attached or enclosed with the document requested or to be produced.

F. If any document requested has been lost, discarded, destroyed or deleted, the document so lost, discarded, destroyed or deleted shall be identified as completely as possible, by including at least the following information: (1) the nature of the material disposed; (2) the date of disposal; (3) the manner of disposal; (4) the reason for disposal; and (5) the person responsible for the disposal.

G. No part of a request shall be left unanswered merely because an objection is made to another part of the request. If there are no documents responsive to a request herein, so state. If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

H. Except as otherwise noted, this request seeks the production of documents created in, used, sent, or received during the period from June 1, 2015, through present.

SCHEDULE A

Page 6 of 9

I.   These requests exclusively seek documents in Your possession, custody, or control.

J.   The use of any entity's or individual's full or abbreviated name or any pronoun referring to any entity or individual means the party and, where applicable, its officers, directors, employees, partners, corporate parent(s), subsidiary or subsidiaries, and/or affiliates.

K.   In complying with these production requests, You may provide copies in lieu of any original documents, provided however that any such copies must be legible. In the case of electronic copies, You shall produce such copies in text-searchable format.

L.   This subpoena is continuing in nature. Under Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement or amend Your responses to this subpoena if You obtain further or different information and/or learn that a response is incomplete or incorrect, and IJK Palm specifically reserves the right to seek supplementary responses.

## DOCUMENTS

**Request No. 1.**    Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 2.**    Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of Dennis Melka, the members of the United Oils Limited Board (whether as a whole or individually), Amerra and/or any individual or entity related to or affiliated with Amerra, other noteholders, or representatives or advisors to employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 3.**    Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest with or involving each of Dennis Melka, William Randall, or any other individual or group involved with the Plantations and its finances or management.

**Request No. 4.**    Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of CarVal, Seaport Global, and/or any other entity, regarding efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 5.**      Produce all documents received by Krediet in his capacity as a director of United Oils Limited, including but not limited to those that relate to United Oils Limited's finances and/or operations, including all meeting minutes, agendas, materials presented or exchanged, management reports, recommendations made, studies and contingency plans, and/or any other item.

**Request No. 6.**      Produce all documents that refer or relate to any studies, analyses, recommendations, plans, valuations, proposals, advice, investigations, inquiries, and/or investigation, prepared at any time by or for any employee, agent, representative, and/or advisor of Kattegat, Anholt, and/or Southern Harvest related to the projected, current, or future value of the Plantations and/or any efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 7.**      Produce all documents that refer or relate to any text messages, emails, telephone calls, or other form of communication made to or received from Dennis Melka and/or any other member of the United Oils Limited board of directors for the time period August 1, 2014, to June 10, 2016.

**Request No. 8.**      Produce all financial records of any type of United Oils Limited.

9393210-1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Connecticut

| | | |
|---|---|---|
| IN RE EX PARTE APPLICATION OF IJK PALM LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:16mc171(RMC) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                         Anholt Services (USA), Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents set forth in Schedule A, attached hereto.

| Place: Verrill Dana LLP | Date and Time: |
|---|---|
| 33 Riverside Avenue | |
| Westport, CT 06880 | 07/25/2016 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _ 6/14/2016

CLERK OF COURT
Judy Fazekas

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

In addition to and supplemental to the definitions below, the definitions and rules of construction set forth in the District of Connecticut Local Civil Rule 26(c) and (d) are incorporated herein by reference.

A. <u>Anholt.</u> The term "Anholt" means Anholt Services (USA), Inc.; Anholt Capital Partners (USA), Inc.; Anholt (USA) LLC; Anholt Investments Ltd.; and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

B. <u>And/Or.</u> The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests any information which might otherwise be construed to be outside their scope. When used in the course of an enumeration of items as to which documents are requested, the words "or" and "and" are to be construed as requesting documents as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

C. <u>Affiliated.</u> The term "affiliated" means connection in any sense of ownership (*i.e.* whether as a parent or subsidiary of a company or owning, owned by, holding, or held by a common or related entity) or otherwise (*i.e.* as an agent, employee, representative, or other related party).

D. <u>Board/United Oils Limited board.</u> The terms "board" and/or "United Oils Limited board" means the board of directors of United Oils Limited, SEZC.

E.  CarVal/Seaport Global. The terms "CarVal" and "Seaport Global" refer to business entities of that or a similar name and which, at one time, considered or worked to secure financing the ongoing operations of United Oils Limited; the terms also include any other affiliated entity now or at any time existing under the laws of any jurisdiction.

F.  Communication. The term "communication" means any email, inquiry, discussion, conversation, agreement, undertaking, meeting, conference, telephone conversation, phone log, correspondence, note, telegram, or any other form of exchange or documentation thereof between two or more persons, whether oral or written.

G.  Document. The term "document" and "documents" should be given the broadest possible interpretation consistent with Federal Rule of Civil Procedure 34(a) and District of Connecticut Local Rule 26(c)(2), and should be taken to include, but not be limited to, originals and copies of any and all writings and recordings of whatever nature, however produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive, computer tape, microfiche or microfilm), whether signed or unsigned or transcribed and whether assertively privileged or not, including, without limitation, all letters, memoranda, correspondence, communication, statements and reports, records, e-mails, personal notes, notices, contracts and agreements, proposed drafts of contracts and agreements, statements, invoices, purchase orders, accounting records, computer printouts, financial records, ledger entries, computerized records (including Electronically Stored Information, generally all writings, graphs, charts, phonorecords, photographs and records of any kind and other data compilation from which information can be obtained.

SCHEDULE A

Page 2 of 9

H.  Entity. The term "entity" is defined as any natural person or any business, legal, or governmental entity, or association.

I.  Finances. The term "finances" means assets and liabilities, whether past, contemporaneous, or anticipated.

J.  Individual. The term "individual" is defined as any natural person or any business, legal, or governmental entity, or association.

K.  Kattegat. The term "Kattegat" means Kattegat Limited and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

L.  Operations. The term "operations" means the course of business, whether ordinary or otherwise, and all activities and occurrences related to operating such business.

M.  Person. The term "person" is defined as any natural person or any business, legal, or governmental entity, or association.

N.  Plantation/Plantations. The terms "Plantation" and "Plantations" refer to the lands owned or operated by United Oils Limited in Peru, the planting and harvesting of which formed the basis for the investment of IJK Palm, among others.

O.  Relate to/Related to/Relating to/Regarding. The terms "Relate to," "related to" "relating to," and/or "regarding" shall be defined broadly as in any way constituting, concerning, evidencing, mentioning, respecting, bearing on, referring to, pertaining to, or addressed in whole or in part to that subject.

P.  <u>Southern Harvest.</u> The term "Southern Harvest" means Southern Harvest Partners, L.P., SH UOL Administrative Agent, Ltd., and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

Q.  <u>United Oils Limited.</u> The term "United Oils Limited" means United Oils Limited, SEZC, and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

R.  <u>You/Your.</u> The terms "you" and "your" include not only the subject of the subpoena, but also, where applicable, its agents, representatives, and any other persons acting on or purporting to act on its behalf.

## INSTRUCTIONS

A.  For any requested document or part thereof that is withheld under a claim of attorney-client privilege or attorney work product or other immunity, You shall make the claim expressly and You shall describe in a log the nature of the material withheld in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(c).

B.  Notwithstanding the assertion of any objection, any requested document which You object to producing but which nevertheless contains non-objectionable information that is responsive to this Subpoena must be produced, but that portion of the document as to which the objection is asserted may be redacted, provided that such portion of the document is marked "redacted." For any document produced with redactions made under any objection or claim of attorney-client privilege or attorney work product or other immunity, You shall make the objection or claim expressly and You shall describe in a log the nature of the portion of the document redacted in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the objection, privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(e).

C.  The documents requested below are to be produced as they are kept in the usual course of business and labeled in such a way as to show which files and offices they came from. Copies of all labels or other markings indicating the nature, source or other characteristics

of documents produced, such as labels on file folders, dividers and other containers, should be included with the documents produced so as to facilitate understanding of who keeps the documents produced, where they are kept and how they are organized.

D. All non-identical versions or copies of each responsive document shall be produced, regardless of whether the version are non-identical due to handwritten notations, revisions, or otherwise.

E. All documents produced in response to this subpoena shall include all attachments and all enclosures referred to in the documents or originally attached or enclosed with the document requested or to be produced.

F. If any document requested has been lost, discarded, destroyed or deleted, the document so lost, discarded, destroyed or deleted shall be identified as completely as possible, by including at least the following information: (1) the nature of the material disposed; (2) the date of disposal; (3) the manner of disposal; (4) the reason for disposal; and (5) the person responsible for the disposal.

G. No part of a request shall be left unanswered merely because an objection is made to another part of the request. If there are no documents responsive to a request herein, so state. If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

H. Except as otherwise noted, this request seeks the production of documents created in, used, sent, or received during the period from June 1, 2015, through present.

SCHEDULE A

I.   These requests exclusively seek documents in Your possession, custody, or control.

J.   The use of any entity's or individual's full or abbreviated name or any pronoun referring to any entity or individual means the party and, where applicable, its officers, directors, employees, partners, corporate parent(s), subsidiary or subsidiaries, and/or affiliates.

K.   In complying with these production requests, You may provide copies in lieu of any original documents, provided however that any such copies must be legible. In the case of electronic copies, You shall produce such copies in text-searchable format.

L.   This subpoena is continuing in nature. Under Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement or amend Your responses to this subpoena if You obtain further or different information and/or learn that a response is incomplete or incorrect, and IJK Palm specifically reserves the right to seek supplementary responses.

SCHEDULE A

Page 7 of 9

## DOCUMENTS

**Request No. 1.**        Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 2.**        Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of Dennis Melka, the members of the United Oils Limited Board (whether as a whole or individually), Amerra and/or any individual or entity related to or affiliated with Amerra, other noteholders, or representatives or advisors to employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 3.**        Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest with or involving each of Dennis Melka, William Randall, or any other individual or group involved with the Plantations and its finances or management.

**Request No. 4.**        Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of CarVal, Seaport Global, and/or any other entity, regarding efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 5.**      Produce all documents received by Krediet in his capacity as a director of United Oils Limited, including but not limited to those that relate to United Oils Limited's finances and/or operations, including all meeting minutes, agendas, materials presented or exchanged, management reports, recommendations made, studies and contingency plans, and/or any other item.

**Request No. 6.**      Produce all documents that refer or relate to any studies, analyses, recommendations, plans, valuations, proposals, advice, investigations, inquiries, and/or investigation, prepared at any time by or for any employee, agent, representative, and/or advisor of Kattegat, Anholt, and/or Southern Harvest related to the projected, current, or future value of the Plantations and/or any efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 7.**      Produce all documents that refer or relate to any text messages, emails, telephone calls, or other form of communication made to or received from Dennis Melka and/or any other member of the United Oils Limited board of directors for the time period August 1, 2014, to June 10, 2016.

**Request No. 8.**      Produce all financial records of any type of United Oils Limited.

SCHEDULE A

Page 9 of 9

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Connecticut

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF IJK PALM LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) |
| *Defendant* | ) |

Civil Action No.  3:16mc171(RNC)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Anholt Capital Partners (USA), Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents set forth in Schedule A, attached hereto.

| Place: Verrill Dana LLP  33 Riverside Avenue  Westport, CT 06880 | Date and Time:  07/25/2016 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   6/14/2016

CLERK OF COURT

Judy Razekas

_____          _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

OR

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

In addition to and supplemental to the definitions below, the definitions and rules of construction set forth in the District of Connecticut Local Civil Rule 26(c) and (d) are incorporated herein by reference.

A. <u>Anholt.</u> The term "Anholt" means Anholt Services (USA), Inc.; Anholt Capital Partners (USA), Inc.; Anholt (USA) LLC; Anholt Investments Ltd.; and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

B. <u>And/Or.</u> The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests any information which might otherwise be construed to be outside their scope. When used in the course of an enumeration of items as to which documents are requested, the words "or" and "and" are to be construed as requesting documents as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

C. <u>Affiliated.</u> The term "affiliated" means connection in any sense of ownership (*i.e.* whether as a parent or subsidiary of a company or owning, owned by, holding, or held by a common or related entity) or otherwise (*i.e.* as an agent, employee, representative, or other related party).

D. <u>Board/United Oils Limited board.</u> The terms "board" and/or "United Oils Limited board" means the board of directors of United Oils Limited, SEZC.

E.   CarVal/Seaport Global. The terms "CarVal" and "Seaport Global" refer to business
     entities of that or a similar name and which, at one time, considered or worked to secure
     financing the ongoing operations of United Oils Limited; the terms also include any other
     affiliated entity now or at any time existing under the laws of any jurisdiction.

F.   Communication. The term "communication" means any email, inquiry, discussion,
     conversation, agreement, undertaking, meeting, conference, telephone conversation,
     phone log, correspondence, note, telegram, or any other form of exchange or
     documentation thereof between two or more persons, whether oral or written.

G.   Document. The term "document" and "documents" should be given the broadest possible
     interpretation consistent with Federal Rule of Civil Procedure 34(a) and District of
     Connecticut Local Rule 26(c)(2), and should be taken to include, but not be limited to,
     originals and copies of any and all writings and recordings of whatever nature, however
     produced or stored or reproduced (e.g., on paper, computer disk, computer hard drive,
     computer tape, microfiche or microfilm), whether signed or unsigned or transcribed and
     whether assertively privileged or not, including, without limitation, all letters,
     memoranda, correspondence, communication, statements and reports, records, e-mails,
     personal notes, notices, contracts and agreements, proposed drafts of contracts and
     agreements, statements, invoices, purchase orders, accounting records, computer
     printouts, financial records, ledger entries, computerized records (including
     Electronically Stored Information, generally all writings, graphs, charts, phonorecords,
     photographs and records of any kind and other data compilation from which information
     can be obtained.

SCHEDULE A

Page 2 of 9

H. <u>Entity.</u> The term "entity" is defined as any natural person or any business, legal, or governmental entity, or association.

I. <u>Finances.</u> The term "finances" means assets and liabilities, whether past, contemporaneous, or anticipated.

J. <u>Individual.</u> The term "individual" is defined as any natural person or any business, legal, or governmental entity, or association.

K. <u>Kattegat.</u> The term "Kattegat" means Kattegat Limited and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

L. <u>Operations.</u> The term "operations" means the course of business, whether ordinary or otherwise, and all activities and occurrences related to operating such business.

M. <u>Person.</u> The term "person" is defined as any natural person or any business, legal, or governmental entity, or association.

N. <u>Plantation/Plantations.</u> The terms "Plantation" and "Plantations" refer to the lands owned or operated by United Oils Limited in Peru, the planting and harvesting of which formed the basis for the investment of IJK Palm, among others.

O. <u>Relate to/Related to/Relating to/Regarding.</u> The terms "Relate to," "related to" "relating to," and/or "regarding" shall be defined broadly as in any way constituting, concerning, evidencing, mentioning, respecting, bearing on, referring to, pertaining to, or addressed in whole or in part to that subject.

P.  <u>Southern Harvest.</u> The term "Southern Harvest" means Southern Harvest Partners, L.P.,
SH UOL Administrative Agent, Ltd., and any other affiliated entity now or at any time
existing under the laws of any jurisdiction.

Q.  <u>United Oils Limited.</u> The term "United Oils Limited" means United Oils Limited, SEZC,
and any other affiliated entity now or at any time existing under the laws of any
jurisdiction.

R.  <u>You/Your.</u> The terms "you" and "your" include not only the subject of the subpoena, but
also, where applicable, its agents, representatives, and any other persons acting on or
purporting to act on its behalf.

## INSTRUCTIONS

A.  For any requested document or part thereof that is withheld under a claim of attorney-client privilege or attorney work product or other immunity, You shall make the claim expressly and You shall describe in a log the nature of the material withheld in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(c).

B.  Notwithstanding the assertion of any objection, any requested document which You object to producing but which nevertheless contains non-objectionable information that is responsive to this Subpoena must be produced, but that portion of the document as to which the objection is asserted may be redacted, provided that such portion of the document is marked "redacted." For any document produced with redactions made under any objection or claim of attorney-client privilege or attorney work product or other immunity, You shall make the objection or claim expressly and You shall describe in a log the nature of the portion of the document redacted in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the objection, privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(e).

C.  The documents requested below are to be produced as they are kept in the usual course of business and labeled in such a way as to show which files and offices they came from. Copies of all labels or other markings indicating the nature, source or other characteristics

of documents produced, such as labels on file folders, dividers and other containers, should be included with the documents produced so as to facilitate understanding of who keeps the documents produced, where they are kept and how they are organized.

D.  All non-identical versions or copies of each responsive document shall be produced, regardless of whether the version are non-identical due to handwritten notations, revisions, or otherwise.

E.  All documents produced in response to this subpoena shall include all attachments and all enclosures referred to in the documents or originally attached or enclosed with the document requested or to be produced.

F.  If any document requested has been lost, discarded, destroyed or deleted, the document so lost, discarded, destroyed or deleted shall be identified as completely as possible, by including at least the following information: (1) the nature of the material disposed; (2) the date of disposal; (3) the manner of disposal; (4) the reason for disposal; and (5) the person responsible for the disposal.

G.  No part of a request shall be left unanswered merely because an objection is made to another part of the request. If there are no documents responsive to a request herein, so state. If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

H.  Except as otherwise noted, this request seeks the production of documents created in, used, sent, or received during the period from June 1, 2015, through present.

SCHEDULE A

I.   These requests exclusively seek documents in Your possession, custody, or control.

J.   The use of any entity's or individual's full or abbreviated name or any pronoun referring to any entity or individual means the party and, where applicable, its officers, directors, employees, partners, corporate parent(s), subsidiary or subsidiaries, and/or affiliates.

K.   In complying with these production requests, You may provide copies in lieu of any original documents, provided however that any such copies must be legible. In the case of electronic copies, You shall produce such copies in text-searchable format.

L.   This subpoena is continuing in nature. Under Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement or amend Your responses to this subpoena if You obtain further or different information and/or learn that a response is incomplete or incorrect, and IJK Palm specifically reserves the right to seek supplementary responses.

## DOCUMENTS

**Request No. 1.**        Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 2.**        Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of Dennis Melka, the members of the United Oils Limited Board (whether as a whole or individually), Amerra and/or any individual or entity related to or affiliated with Amerra, other noteholders, or representatives or advisors to employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 3.**        Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest with or involving each of Dennis Melka, William Randall, or any other individual or group involved with the Plantations and its finances or management.

**Request No. 4.**        Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of CarVal, Seaport Global, and/or any other entity, regarding efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 5.**      Produce all documents received by Krediet in his capacity as a director of United Oils Limited, including but not limited to those that relate to United Oils Limited's finances and/or operations, including all meeting minutes, agendas, materials presented or exchanged, management reports, recommendations made, studies and contingency plans, and/or any other item.

**Request No. 6.**      Produce all documents that refer or relate to any studies, analyses, recommendations, plans, valuations, proposals, advice, investigations, inquiries, and/or investigation, prepared at any time by or for any employee, agent, representative, and/or advisor of Kattegat, Anholt, and/or Southern Harvest related to the projected, current, or future value of the Plantations and/or any efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 7.**      Produce all documents that refer or relate to any text messages, emails, telephone calls, or other form of communication made to or received from Dennis Melka and/or any other member of the United Oils Limited board of directors for the time period August 1, 2014, to June 10, 2016.

**Request No. 8.**      Produce all financial records of any type of United Oils Limited.

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF IJK PALM LLC | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  3:16mc171(RNC) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Anholt (USA) LLC

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents set forth in Schedule A, attached hereto.

| Place: Verrill Dana LLP<br>        33 Riverside Avenue<br>        Westport, CT 06880 | Date and Time:<br><br>            07/25/2016 5:00 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    6/14/2016

                    _CLERK OF COURT_

                    Judy Fazekas                                          OR    _____
_____                                        _____
    _Signature of Clerk or Deputy Clerk_                                        _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

In addition to and supplemental to the definitions below, the definitions and rules of construction set forth in the District of Connecticut Local Civil Rule 26(c) and (d) are incorporated herein by reference.

A. <u>Anholt.</u> The term "Anholt" means Anholt Services (USA), Inc.; Anholt Capital Partners (USA), Inc.; Anholt (USA) LLC; Anholt Investments Ltd.; and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

B. <u>And/Or.</u> The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests any information which might otherwise be construed to be outside their scope. When used in the course of an enumeration of items as to which documents are requested, the words "or" and "and" are to be construed as requesting documents as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

C. <u>Affiliated.</u> The term "affiliated" means connection in any sense of ownership (*i.e.* whether as a parent or subsidiary of a company or owning, owned by, holding, or held by a common or related entity) or otherwise (*i.e.* as an agent, employee, representative, or other related party).

D. <u>Board/United Oils Limited board.</u> The terms "board" and/or "United Oils Limited board" means the board of directors of United Oils Limited, SEZC.

E.  CarVal/Seaport Global. The terms "CarVal" and "Seaport Global" refer to business
    entities of that or a similar name and which, at one time, considered or worked to secure
    financing the ongoing operations of United Oils Limited; the terms also include any other
    affiliated entity now or at any time existing under the laws of any jurisdiction.

F.  Communication. The term "communication" means any email, inquiry, discussion,
    conversation, agreement, undertaking, meeting, conference, telephone conversation,
    phone log, correspondence, note, telegram, or any other form of exchange or
    documentation thereof between two or more persons, whether oral or written.

G.  Document. The term "document" and "documents" should be given the broadest possible
    interpretation consistent with Federal Rule of Civil Procedure 34(a) and District of
    Connecticut Local Rule 26(c)(2), and should be taken to include, but not be limited to,
    originals and copies of any and all writings and recordings of whatever nature, however
    produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive,
    computer tape, microfiche or microfilm), whether signed or unsigned or transcribed and
    whether assertively privileged or not, including, without limitation, all letters,
    memoranda, correspondence, communication, statements and reports, records, e-mails,
    personal notes, notices, contracts and agreements, proposed drafts of contracts and
    agreements, statements, invoices, purchase orders, accounting records, computer
    printouts, financial records, ledger entries, computerized records (including
    Electronically Stored Information, generally all writings, graphs, charts, phonorecords,
    photographs and records of any kind and other data compilation from which information
    can be obtained.

SCHEDULE A

Page 2 of 9

H.  Entity. The term "entity" is defined as any natural person or any business, legal, or governmental entity, or association.

I.  Finances. The term "finances" means assets and liabilities, whether past, contemporaneous, or anticipated.

J.  Individual. The term "individual" is defined as any natural person or any business, legal, or governmental entity, or association.

K.  Kattegat. The term "Kattegat" means Kattegat Limited and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

L.  Operations. The term "operations" means the course of business, whether ordinary or otherwise, and all activities and occurrences related to operating such business.

M.  Person. The term "person" is defined as any natural person or any business, legal, or governmental entity, or association.

N.  Plantation/Plantations. The terms "Plantation" and "Plantations" refer to the lands owned or operated by United Oils Limited in Peru, the planting and harvesting of which formed the basis for the investment of IJK Palm, among others.

O.  Relate to/Related to/Relating to/Regarding. The terms "Relate to," "related to" "relating to," and/or "regarding" shall be defined broadly as in any way constituting, concerning, evidencing, mentioning, respecting, bearing on, referring to, pertaining to, or addressed in whole or in part to that subject.

P.  <u>Southern Harvest.</u> The term "Southern Harvest" means Southern Harvest Partners, L.P., SH UOL Administrative Agent, Ltd., and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

Q.  <u>United Oils Limited.</u> The term "United Oils Limited" means United Oils Limited, SEZC, and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

R.  <u>You/Your.</u> The terms "you" and "your" include not only the subject of the subpoena, but also, where applicable, its agents, representatives, and any other persons acting on or purporting to act on its behalf.

## INSTRUCTIONS

A. For any requested document or part thereof that is withheld under a claim of attorney-client privilege or attorney work product or other immunity, You shall make the claim expressly and You shall describe in a log the nature of the material withheld in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(c).

B. Notwithstanding the assertion of any objection, any requested document which You object to producing but which nevertheless contains non-objectionable information that is responsive to this Subpoena must be produced, but that portion of the document as to which the objection is asserted may be redacted, provided that such portion of the document is marked "redacted." For any document produced with redactions made under any objection or claim of attorney-client privilege or attorney work product or other immunity, You shall make the objection or claim expressly and You shall describe in a log the nature of the portion of the document redacted in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the objection, privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(e).

C. The documents requested below are to be produced as they are kept in the usual course of business and labeled in such a way as to show which files and offices they came from. Copies of all labels or other markings indicating the nature, source or other characteristics

of documents produced, such as labels on file folders, dividers and other containers, should be included with the documents produced so as to facilitate understanding of who keeps the documents produced, where they are kept and how they are organized.

D. All non-identical versions or copies of each responsive document shall be produced, regardless of whether the version are non-identical due to handwritten notations, revisions, or otherwise.

E. All documents produced in response to this subpoena shall include all attachments and all enclosures referred to in the documents or originally attached or enclosed with the document requested or to be produced.

F. If any document requested has been lost, discarded, destroyed or deleted, the document so lost, discarded, destroyed or deleted shall be identified as completely as possible, by including at least the following information: (1) the nature of the material disposed; (2) the date of disposal; (3) the manner of disposal; (4) the reason for disposal; and (5) the person responsible for the disposal.

G. No part of a request shall be left unanswered merely because an objection is made to another part of the request. If there are no documents responsive to a request herein, so state. If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

H. Except as otherwise noted, this request seeks the production of documents created in, used, sent, or received during the period from June 1, 2015, through present.

SCHEDULE A

Page 6 of 9

I.   These requests exclusively seek documents in Your possession, custody, or control.

J.   The use of any entity's or individual's full or abbreviated name or any pronoun referring to any entity or individual means the party and, where applicable, its officers, directors, employees, partners, corporate parent(s), subsidiary or subsidiaries, and/or affiliates.

K.   In complying with these production requests, You may provide copies in lieu of any original documents, provided however that any such copies must be legible. In the case of electronic copies, You shall produce such copies in text-searchable format.

L.   This subpoena is continuing in nature. Under Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement or amend Your responses to this subpoena if You obtain further or different information and/or learn that a response is incomplete or incorrect, and IJK Palm specifically reserves the right to seek supplementary responses.

## DOCUMENTS

**Request No. 1.**      Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 2.**      Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of Dennis Melka, the members of the United Oils Limited Board (whether as a whole or individually), Amerra and/or any individual or entity related to or affiliated with Amerra, other noteholders, or representatives or advisors to employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 3.**      Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest with or involving each of Dennis Melka, William Randall, or any other individual or group involved with the Plantations and its finances or management.

**Request No. 4.**      Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of CarVal, Seaport Global, and/or any other entity, regarding efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 5.**    Produce all documents received by Krediet in his capacity as a director of United Oils Limited, including but not limited to those that relate to United Oils Limited's finances and/or operations, including all meeting minutes, agendas, materials presented or exchanged, management reports, recommendations made, studies and contingency plans, and/or any other item.

**Request No. 6.**    Produce all documents that refer or relate to any studies, analyses, recommendations, plans, valuations, proposals, advice, investigations, inquiries, and/or investigation, prepared at any time by or for any employee, agent, representative, and/or advisor of Kattegat, Anholt, and/or Southern Harvest related to the projected, current, or future value of the Plantations and/or any efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 7.**    Produce all documents that refer or relate to any text messages, emails, telephone calls, or other form of communication made to or received from Dennis Melka and/or any other member of the United Oils Limited board of directors for the time period August 1, 2014, to June 10, 2016.

**Request No. 8.**    Produce all financial records of any type of United Oils Limited.

9393210-1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF IJK PALM LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   3:16mc171(RNC)

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Anholt Investments Ltd.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents set forth in Schedule A, attached hereto.

| Place: Verrill Dana LLP 33 Riverside Avenue Westport, CT 06880 | Date and Time: 07/25/2016 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   6/14/2016

CLERK OF COURT

Judy Pazekas

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____  for travel and $ _____  for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                  *Server's signature*

                                                        _____
                                                                  *Printed name and title*

                                                        _____
                                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

In addition to and supplemental to the definitions below, the definitions and rules of construction set forth in the District of Connecticut Local Civil Rule 26(c) and (d) are incorporated herein by reference.

A. Anholt. The term "Anholt" means Anholt Services (USA), Inc.; Anholt Capital Partners (USA), Inc.; Anholt (USA) LLC; Anholt Investments Ltd.; and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

B. And/Or. The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests any information which might otherwise be construed to be outside their scope. When used in the course of an enumeration of items as to which documents are requested, the words "or" and "and" are to be construed as requesting documents as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

C. Affiliated. The term "affiliated" means connection in any sense of ownership (*i.e.* whether as a parent or subsidiary of a company or owning, owned by, holding, or held by a common or related entity) or otherwise (*i.e.* as an agent, employee, representative, or other related party).

D. Board/United Oils Limited board. The terms "board" and/or "United Oils Limited board" means the board of directors of United Oils Limited, SEZC.

E.  CarVal/Seaport Global. The terms "CarVal" and "Seaport Global" refer to business
    entities of that or a similar name and which, at one time, considered or worked to secure
    financing the ongoing operations of United Oils Limited; the terms also include any other
    affiliated entity now or at any time existing under the laws of any jurisdiction.

F.  Communication. The term "communication" means any email, inquiry, discussion,
    conversation, agreement, undertaking, meeting, conference, telephone conversation,
    phone log, correspondence, note, telegram, or any other form of exchange or
    documentation thereof between two or more persons, whether oral or written.

G.  Document. The term "document" and "documents" should be given the broadest possible
    interpretation consistent with Federal Rule of Civil Procedure 34(a) and District of
    Connecticut Local Rule 26(c)(2), and should be taken to include, but not be limited to,
    originals and copies of any and all writings and recordings of whatever nature, however
    produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive,
    computer tape, microfiche or microfilm), whether signed or unsigned or transcribed and
    whether assertively privileged or not, including, without limitation, all letters,
    memoranda, correspondence, communication, statements and reports, records, e-mails,
    personal notes, notices, contracts and agreements, proposed drafts of contracts and
    agreements, statements, invoices, purchase orders, accounting records, computer
    printouts, financial records, ledger entries, computerized records (including
    Electronically Stored Information, generally all writings, graphs, charts, phonorecords,
    photographs and records of any kind and other data compilation from which information
    can be obtained.

H.  Entity. The term "entity" is defined as any natural person or any business, legal, or governmental entity, or association.

I.  Finances. The term "finances" means assets and liabilities, whether past, contemporaneous, or anticipated.

J.  Individual. The term "individual" is defined as any natural person or any business, legal, or governmental entity, or association.

K.  Kattegat. The term "Kattegat" means Kattegat Limited and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

L.  Operations. The term "operations" means the course of business, whether ordinary or otherwise, and all activities and occurrences related to operating such business.

M.  Person. The term "person" is defined as any natural person or any business, legal, or governmental entity, or association.

N.  Plantation/Plantations. The terms "Plantation" and "Plantations" refer to the lands owned or operated by United Oils Limited in Peru, the planting and harvesting of which formed the basis for the investment of IJK Palm, among others.

O.  Relate to/Related to/Relating to/Regarding. The terms "Relate to," "related to" "relating to," and/or "regarding" shall be defined broadly as in any way constituting, concerning, evidencing, mentioning, respecting, bearing on, referring to, pertaining to, or addressed in whole or in part to that subject.

P. <u>Southern Harvest.</u> The term "Southern Harvest" means Southern Harvest Partners, L.P., SH UOL Administrative Agent, Ltd., and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

Q. <u>United Oils Limited.</u> The term "United Oils Limited" means United Oils Limited, SEZC, and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

R. <u>You/Your.</u> The terms "you" and "your" include not only the subject of the subpoena, but also, where applicable, its agents, representatives, and any other persons acting on or purporting to act on its behalf.

## INSTRUCTIONS

A.  For any requested document or part thereof that is withheld under a claim of attorney-client privilege or attorney work product or other immunity, You shall make the claim expressly and You shall describe in a log the nature of the material withheld in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(c).

B.  Notwithstanding the assertion of any objection, any requested document which You object to producing but which nevertheless contains non-objectionable information that is responsive to this Subpoena must be produced, but that portion of the document as to which the objection is asserted may be redacted, provided that such portion of the document is marked "redacted." For any document produced with redactions made under any objection or claim of attorney-client privilege or attorney work product or other immunity, You shall make the objection or claim expressly and You shall describe in a log the nature of the portion of the document redacted in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the objection, privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(e).

C.  The documents requested below are to be produced as they are kept in the usual course of business and labeled in such a way as to show which files and offices they came from. Copies of all labels or other markings indicating the nature, source or other characteristics

SCHEDULE A

Page 5 of 9

of documents produced, such as labels on file folders, dividers and other containers, should be included with the documents produced so as to facilitate understanding of who keeps the documents produced, where they are kept and how they are organized.

D.  All non-identical versions or copies of each responsive document shall be produced, regardless of whether the version are non-identical due to handwritten notations, revisions, or otherwise.

E.  All documents produced in response to this subpoena shall include all attachments and all enclosures referred to in the documents or originally attached or enclosed with the document requested or to be produced.

F.  If any document requested has been lost, discarded, destroyed or deleted, the document so lost, discarded, destroyed or deleted shall be identified as completely as possible, by including at least the following information: (1) the nature of the material disposed; (2) the date of disposal; (3) the manner of disposal; (4) the reason for disposal; and (5) the person responsible for the disposal.

G.  No part of a request shall be left unanswered merely because an objection is made to another part of the request. If there are no documents responsive to a request herein, so state. If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

H.  Except as otherwise noted, this request seeks the production of documents created in, used, sent, or received during the period from June 1, 2015, through present.

SCHEDULE A

Page 6 of 9

I.   These requests exclusively seek documents in Your possession, custody, or control.

J.   The use of any entity's or individual's full or abbreviated name or any pronoun referring to any entity or individual means the party and, where applicable, its officers, directors, employees, partners, corporate parent(s), subsidiary or subsidiaries, and/or affiliates.

K.   In complying with these production requests, You may provide copies in lieu of any original documents, provided however that any such copies must be legible. In the case of electronic copies, You shall produce such copies in text-searchable format.

L.   This subpoena is continuing in nature. Under Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement or amend Your responses to this subpoena if You obtain further or different information and/or learn that a response is incomplete or incorrect, and IJK Palm specifically reserves the right to seek supplementary responses.

## DOCUMENTS

**Request No. 1.**      Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 2.**      Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of Dennis Melka, the members of the United Oils Limited Board (whether as a whole or individually), Amerra and/or any individual or entity related to or affiliated with Amerra, other noteholders, or representatives or advisors to employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 3.**      Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest with or involving each of Dennis Melka, William Randall, or any other individual or group involved with the Plantations and its finances or management.

**Request No. 4.**      Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of CarVal, Seaport Global, and/or any other entity, regarding efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 5.**         Produce all documents received by Krediet in his capacity as a director of United Oils Limited, including but not limited to those that relate to United Oils Limited's finances and/or operations, including all meeting minutes, agendas, materials presented or exchanged, management reports, recommendations made, studies and contingency plans, and/or any other item.

**Request No. 6.**         Produce all documents that refer or relate to any studies, analyses, recommendations, plans, valuations, proposals, advice, investigations, inquiries, and/or investigation, prepared at any time by or for any employee, agent, representative, and/or advisor of Kattegat, Anholt, and/or Southern Harvest related to the projected, current, or future value of the Plantations and/or any efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 7.**         Produce all documents that refer or relate to any text messages, emails, telephone calls, or other form of communication made to or received from Dennis Melka and/or any other member of the United Oils Limited board of directors for the time period August 1, 2014, to June 10, 2016.

**Request No. 8.**         Produce all financial records of any type of United Oils Limited.

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| IN RE EX PARTE APPLIATION OF IJK PALM LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   3:16mc171(RNC)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                       Southern Harvest Partners, L.P.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents set forth in Schedule A, attached hereto.

| Place: Verrill Dana LLP<br>       33 Riverside Avenue<br>       Westport, CT 06880 | Date and Time:<br><br>07/25/2016 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  6/14/2016

CLERK OF COURT

Judy Fazekas

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

In addition to and supplemental to the definitions below, the definitions and rules of construction set forth in the District of Connecticut Local Civil Rule 26(c) and (d) are incorporated herein by reference.

A. <u>Anholt.</u> The term "Anholt" means Anholt Services (USA), Inc.; Anholt Capital Partners (USA), Inc.; Anholt (USA) LLC; Anholt Investments Ltd.; and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

B. <u>And/Or.</u> The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests any information which might otherwise be construed to be outside their scope.  When used in the course of an enumeration of items as to which documents are requested, the words "or" and "and" are to be construed as requesting documents as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

C. <u>Affiliated.</u> The term "affiliated" means connection in any sense of ownership (*i.e.* whether as a parent or subsidiary of a company or owning, owned by, holding, or held by a common or related entity) or otherwise (*i.e.* as an agent, employee, representative, or other related party).

D. <u>Board/United Oils Limited board.</u> The terms "board" and/or "United Oils Limited board" means the board of directors of United Oils Limited, SEZC.

E.  CarVal/Seaport Global. The terms "CarVal" and "Seaport Global" refer to business
    entities of that or a similar name and which, at one time, considered or worked to secure
    financing the ongoing operations of United Oils Limited; the terms also include any other
    affiliated entity now or at any time existing under the laws of any jurisdiction.

F.  Communication. The term "communication" means any email, inquiry, discussion,
    conversation, agreement, undertaking, meeting, conference, telephone conversation,
    phone log, correspondence, note, telegram, or any other form of exchange or
    documentation thereof between two or more persons, whether oral or written.

G.  Document. The term "document" and "documents" should be given the broadest possible
    interpretation consistent with Federal Rule of Civil Procedure 34(a) and District of
    Connecticut Local Rule 26(c)(2), and should be taken to include, but not be limited to,
    originals and copies of any and all writings and recordings of whatever nature, however
    produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive,
    computer tape, microfiche or microfilm), whether signed or unsigned or transcribed and
    whether assertively privileged or not, including, without limitation, all letters,
    memoranda, correspondence, communication, statements and reports, records, e-mails,
    personal notes, notices, contracts and agreements, proposed drafts of contracts and
    agreements, statements, invoices, purchase orders, accounting records, computer
    printouts, financial records, ledger entries, computerized records (including
    Electronically Stored Information, generally all writings, graphs, charts, phonorecords,
    photographs and records of any kind and other data compilation from which information
    can be obtained.

SCHEDULE A

H.  Entity. The term "entity" is defined as any natural person or any business, legal, or governmental entity, or association.

I.  Finances. The term "finances" means assets and liabilities, whether past, contemporaneous, or anticipated.

J.  Individual. The term "individual" is defined as any natural person or any business, legal, or governmental entity, or association.

K.  Kattegat. The term "Kattegat" means Kattegat Limited and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

L.  Operations. The term "operations" means the course of business, whether ordinary or otherwise, and all activities and occurrences related to operating such business.

M.  Person. The term "person" is defined as any natural person or any business, legal, or governmental entity, or association.

N.  Plantation/Plantations. The terms "Plantation" and "Plantations" refer to the lands owned or operated by United Oils Limited in Peru, the planting and harvesting of which formed the basis for the investment of IJK Palm, among others.

O.  Relate to/Related to/Relating to/Regarding. The terms "Relate to," "related to" "relating to," and/or "regarding" shall be defined broadly as in any way constituting, concerning, evidencing, mentioning, respecting, bearing on, referring to, pertaining to, or addressed in whole or in part to that subject.

P.  <u>Southern Harvest.</u> The term "Southern Harvest" means Southern Harvest Partners, L.P., SH UOL Administrative Agent, Ltd., and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

Q.  <u>United Oils Limited.</u> The term "United Oils Limited" means United Oils Limited, SEZC, and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

R.  <u>You/Your.</u> The terms "you" and "your" include not only the subject of the subpoena, but also, where applicable, its agents, representatives, and any other persons acting on or purporting to act on its behalf.

## INSTRUCTIONS

A.  For any requested document or part thereof that is withheld under a claim of attorney-client privilege or attorney work product or other immunity, You shall make the claim expressly and You shall describe in a log the nature of the material withheld in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(c).

B.  Notwithstanding the assertion of any objection, any requested document which You object to producing but which nevertheless contains non-objectionable information that is responsive to this Subpoena must be produced, but that portion of the document as to which the objection is asserted may be redacted, provided that such portion of the document is marked "redacted." For any document produced with redactions made under any objection or claim of attorney-client privilege or attorney work product or other immunity, You shall make the objection or claim expressly and You shall describe in a log the nature of the portion of the document redacted in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the objection, privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(e).

C.  The documents requested below are to be produced as they are kept in the usual course of business and labeled in such a way as to show which files and offices they came from. Copies of all labels or other markings indicating the nature, source or other characteristics

of documents produced, such as labels on file folders, dividers and other containers, should be included with the documents produced so as to facilitate understanding of who keeps the documents produced, where they are kept and how they are organized.

D. All non-identical versions or copies of each responsive document shall be produced, regardless of whether the version are non-identical due to handwritten notations, revisions, or otherwise.

E. All documents produced in response to this subpoena shall include all attachments and all enclosures referred to in the documents or originally attached or enclosed with the document requested or to be produced.

F. If any document requested has been lost, discarded, destroyed or deleted, the document so lost, discarded, destroyed or deleted shall be identified as completely as possible, by including at least the following information: (1) the nature of the material disposed; (2) the date of disposal; (3) the manner of disposal; (4) the reason for disposal; and (5) the person responsible for the disposal.

G. No part of a request shall be left unanswered merely because an objection is made to another part of the request. If there are no documents responsive to a request herein, so state. If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

H. Except as otherwise noted, this request seeks the production of documents created in, used, sent, or received during the period from June 1, 2015, through present.

I.   These requests exclusively seek documents in Your possession, custody, or control.

J.   The use of any entity's or individual's full or abbreviated name or any pronoun referring to any entity or individual means the party and, where applicable, its officers, directors, employees, partners, corporate parent(s), subsidiary or subsidiaries, and/or affiliates.

K.   In complying with these production requests, You may provide copies in lieu of any original documents, provided however that any such copies must be legible. In the case of electronic copies, You shall produce such copies in text-searchable format.

L.   This subpoena is continuing in nature. Under Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement or amend Your responses to this subpoena if You obtain further or different information and/or learn that a response is incomplete or incorrect, and IJK Palm specifically reserves the right to seek supplementary responses.

## DOCUMENTS

**Request No. 1.**        Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 2.**        Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of Dennis Melka, the members of the United Oils Limited Board (whether as a whole or individually), Amerra and/or any individual or entity related to or affiliated with Amerra, other noteholders, or representatives or advisors to employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 3.**        Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest with or involving each of Dennis Melka, William Randall, or any other individual or group involved with the Plantations and its finances or management.

**Request No. 4.**        Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of CarVal, Seaport Global, and/or any other entity, regarding efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 5.**      Produce all documents received by Krediet in his capacity as a director of United Oils Limited, including but not limited to those that relate to United Oils Limited's finances and/or operations, including all meeting minutes, agendas, materials presented or exchanged, management reports, recommendations made, studies and contingency plans, and/or any other item.

**Request No. 6.**      Produce all documents that refer or relate to any studies, analyses, recommendations, plans, valuations, proposals, advice, investigations, inquiries, and/or investigation, prepared at any time by or for any employee, agent, representative, and/or advisor of Kattegat, Anholt, and/or Southern Harvest related to the projected, current, or future value of the Plantations and/or any efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 7.**      Produce all documents that refer or relate to any text messages, emails, telephone calls, or other form of communication made to or received from Dennis Melka and/or any other member of the United Oils Limited board of directors for the time period August 1, 2014, to June 10, 2016.

**Request No. 8.**      Produce all financial records of any type of United Oils Limited.

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Connecticut

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF IJK PALM LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) |
| *Defendant* | ) |

Civil Action No.    3:16mc171(RNC)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    I. Joseph Massoud

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents set forth in Schedule A, attached hereto.

| Place: Verrill Dana LLP | Date and Time: |
|---|---|
| 33 Riverside Avenue<br>Westport, CT 06880 | 07/25/2016 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    6/14/2016

CLERK OF COURT
Judy Fazekas

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                                _____
                                                    *Printed name and title*

                                                _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DEFINITIONS

In addition to and supplemental to the definitions below, the definitions and rules of construction set forth in the District of Connecticut Local Civil Rule 26(c) and (d) are incorporated herein by reference.

A.  <u>Anholt.</u> The term "Anholt" means Anholt Services (USA), Inc.; Anholt Capital Partners (USA), Inc.; Anholt (USA) LLC; Anholt Investments Ltd.; and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

B.  <u>And/Or.</u> The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests any information which might otherwise be construed to be outside their scope.  When used in the course of an enumeration of items as to which documents are requested, the words "or" and "and" are to be construed as requesting documents as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

C.  <u>Affiliated.</u> The term "affiliated" means connection in any sense of ownership (*i.e.* whether as a parent or subsidiary of a company or owning, owned by, holding, or held by a common or related entity) or otherwise (*i.e.* as an agent, employee, representative, or other related party).

D.  <u>Board/United Oils Limited board.</u> The terms "board" and/or "United Oils Limited board" means the board of directors of United Oils Limited, SEZC.

E.  <u>CarVal/Seaport Global.</u> The terms "CarVal" and "Seaport Global" refer to business

entities of that or a similar name and which, at one time, considered or worked to secure

financing the ongoing operations of United Oils Limited; the terms also include any other

affiliated entity now or at any time existing under the laws of any jurisdiction.

F.  <u>Communication.</u> The term "communication" means any email, inquiry, discussion,

conversation, agreement, undertaking, meeting, conference, telephone conversation,

phone log, correspondence, note, telegram, or any other form of exchange or

documentation thereof between two or more persons, whether oral or written.

G.  <u>Document.</u> The term "document" and "documents" should be given the broadest possible

interpretation consistent with Federal Rule of Civil Procedure 34(a) and District of

Connecticut Local Rule 26(c)(2), and should be taken to include, but not be limited to,

originals and copies of any and all writings and recordings of whatever nature, however

produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive,

computer tape, microfiche or microfilm), whether signed or unsigned or transcribed and

whether assertively privileged or not, including, without limitation, all letters,

memoranda, correspondence, communication, statements and reports, records, e-mails,

personal notes, notices, contracts and agreements, proposed drafts of contracts and

agreements, statements, invoices, purchase orders, accounting records, computer

printouts, financial records, ledger entries, computerized records (including

Electronically Stored Information, generally all writings, graphs, charts, phonorecords,

photographs and records of any kind and other data compilation from which information

can be obtained.

SCHEDULE A

H.  Entity. The term "entity" is defined as any natural person or any business, legal, or governmental entity, or association.

I.  Finances. The term "finances" means assets and liabilities, whether past, contemporaneous, or anticipated.

J.  Individual. The term "individual" is defined as any natural person or any business, legal, or governmental entity, or association.

K.  Kattegat. The term "Kattegat" means Kattegat Limited and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

L.  Operations. The term "operations" means the course of business, whether ordinary or otherwise, and all activities and occurrences related to operating such business.

M.  Person. The term "person" is defined as any natural person or any business, legal, or governmental entity, or association.

N.  Plantation/Plantations. The terms "Plantation" and "Plantations" refer to the lands owned or operated by United Oils Limited in Peru, the planting and harvesting of which formed the basis for the investment of IJK Palm, among others.

O.  Relate to/Related to/Relating to/Regarding. The terms "Relate to," "related to" "relating to," and/or "regarding" shall be defined broadly as in any way constituting, concerning, evidencing, mentioning, respecting, bearing on, referring to, pertaining to, or addressed in whole or in part to that subject.

P.  <u>Southern Harvest.</u> The term "Southern Harvest" means Southern Harvest Partners, L.P., SH UOL Administrative Agent, Ltd., and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

Q.  <u>United Oils Limited.</u> The term "United Oils Limited" means United Oils Limited, SEZC, and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

R.  <u>You/Your.</u> The terms "you" and "your" include not only the subject of the subpoena, but also, where applicable, its agents, representatives, and any other persons acting on or purporting to act on its behalf.

## INSTRUCTIONS

A. For any requested document or part thereof that is withheld under a claim of attorney-client privilege or attorney work product or other immunity, You shall make the claim expressly and You shall describe in a log the nature of the material withheld in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(c).

B. Notwithstanding the assertion of any objection, any requested document which You object to producing but which nevertheless contains non-objectionable information that is responsive to this Subpoena must be produced, but that portion of the document as to which the objection is asserted may be redacted, provided that such portion of the document is marked "redacted." For any document produced with redactions made under any objection or claim of attorney-client privilege or attorney work product or other immunity, You shall make the objection or claim expressly and You shall describe in a log the nature of the portion of the document redacted in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the objection, privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(e).

C. The documents requested below are to be produced as they are kept in the usual course of business and labeled in such a way as to show which files and offices they came from. Copies of all labels or other markings indicating the nature, source or other characteristics

of documents produced, such as labels on file folders, dividers and other containers, should be included with the documents produced so as to facilitate understanding of who keeps the documents produced, where they are kept and how they are organized.

D.  All non-identical versions or copies of each responsive document shall be produced, regardless of whether the version are non-identical due to handwritten notations, revisions, or otherwise.

E.  All documents produced in response to this subpoena shall include all attachments and all enclosures referred to in the documents or originally attached or enclosed with the document requested or to be produced.

F.  If any document requested has been lost, discarded, destroyed or deleted, the document so lost, discarded, destroyed or deleted shall be identified as completely as possible, by including at least the following information: (1) the nature of the material disposed; (2) the date of disposal; (3) the manner of disposal; (4) the reason for disposal; and (5) the person responsible for the disposal.

G.  No part of a request shall be left unanswered merely because an objection is made to another part of the request. If there are no documents responsive to a request herein, so state. If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

H.  Except as otherwise noted, this request seeks the production of documents created in, used, sent, or received during the period from June 1, 2015, through present.

SCHEDULE A

Page 6 of 9

I.   These requests exclusively seek documents in Your possession, custody, or control.

J.   The use of any entity's or individual's full or abbreviated name or any pronoun referring to any entity or individual means the party and, where applicable, its officers, directors, employees, partners, corporate parent(s), subsidiary or subsidiaries, and/or affiliates.

K.   In complying with these production requests, You may provide copies in lieu of any original documents, provided however that any such copies must be legible. In the case of electronic copies, You shall produce such copies in text-searchable format.

L.   This subpoena is continuing in nature. Under Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement or amend Your responses to this subpoena if You obtain further or different information and/or learn that a response is incomplete or incorrect, and IJK Palm specifically reserves the right to seek supplementary responses.

## DOCUMENTS

**Request No. 1.**     Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 2.**     Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of Dennis Melka, the members of the United Oils Limited Board (whether as a whole or individually), Amerra and/or any individual or entity related to or affiliated with Amerra, other noteholders, or representatives or advisors to employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 3.**     Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest with or involving each of Dennis Melka, William Randall, or any other individual or group involved with the Plantations and its finances or management.

**Request No. 4.**     Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of CarVal, Seaport Global, and/or any other entity, regarding efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 5.**       Produce all documents received by Krediet in his capacity as a director of United Oils Limited, including but not limited to those that relate to United Oils Limited's finances and/or operations, including all meeting minutes, agendas, materials presented or exchanged, management reports, recommendations made, studies and contingency plans, and/or any other item.

**Request No. 6.**       Produce all documents that refer or relate to any studies, analyses, recommendations, plans, valuations, proposals, advice, investigations, inquiries, and/or investigation, prepared at any time by or for any employee, agent, representative, and/or advisor of Kattegat, Anholt, and/or Southern Harvest related to the projected, current, or future value of the Plantations and/or any efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 7.**       Produce all documents that refer or relate to any text messages, emails, telephone calls, or other form of communication made to or received from Dennis Melka and/or any other member of the United Oils Limited board of directors for the time period August 1, 2014, to June 10, 2016.

**Request No. 8.**       Produce all financial records of any type of United Oils Limited.

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF IJK PALM LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | ) |
| *Defendant* | ) |

Civil Action No.   3:16mc171(RNC)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      Rudolph Krediet

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents set forth in Schedule A, attached hereto.

| Place: Verrill Dana LLP<br>33 Riverside Avenue<br>Westport, CT 06880 | Date and Time:<br>07/25/2016 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   6/14/2016

*CLERK OF COURT*

Judy Fazekas

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

In addition to and supplemental to the definitions below, the definitions and rules of construction set forth in the District of Connecticut Local Civil Rule 26(c) and (d) are incorporated herein by reference.

A. <u>Anholt.</u> The term "Anholt" means Anholt Services (USA), Inc.; Anholt Capital Partners (USA), Inc.; Anholt (USA) LLC; Anholt Investments Ltd.; and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

B. <u>And/Or.</u> The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests any information which might otherwise be construed to be outside their scope.  When used in the course of an enumeration of items as to which documents are requested, the words "or" and "and" are to be construed as requesting documents as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

C. <u>Affiliated.</u> The term "affiliated" means connection in any sense of ownership (*i.e.* whether as a parent or subsidiary of a company or owning, owned by, holding, or held by a common or related entity) or otherwise (*i.e.* as an agent, employee, representative, or other related party).

D. <u>Board/United Oils Limited board.</u> The terms "board" and/or "United Oils Limited board" means the board of directors of United Oils Limited, SEZC.

E.  CarVal/Seaport Global. The terms "CarVal" and "Seaport Global" refer to business entities of that or a similar name and which, at one time, considered or worked to secure financing the ongoing operations of United Oils Limited; the terms also include any other affiliated entity now or at any time existing under the laws of any jurisdiction.

F.  Communication. The term "communication" means any email, inquiry, discussion, conversation, agreement, undertaking, meeting, conference, telephone conversation, phone log, correspondence, note, telegram, or any other form of exchange or documentation thereof between two or more persons, whether oral or written.

G.  Document. The term "document" and "documents" should be given the broadest possible interpretation consistent with Federal Rule of Civil Procedure 34(a) and District of Connecticut Local Rule 26(c)(2), and should be taken to include, but not be limited to, originals and copies of any and all writings and recordings of whatever nature, however produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive, computer tape, microfiche or microfilm), whether signed or unsigned or transcribed and whether assertively privileged or not, including, without limitation, all letters, memoranda, correspondence, communication, statements and reports, records, e-mails, personal notes, notices, contracts and agreements, proposed drafts of contracts and agreements, statements, invoices, purchase orders, accounting records, computer printouts, financial records, ledger entries, computerized records (including Electronically Stored Information, generally all writings, graphs, charts, phonorecords, photographs and records of any kind and other data compilation from which information can be obtained.

SCHEDULE A

H. <u>Entity.</u> The term "entity" is defined as any natural person or any business, legal, or governmental entity, or association.

I. <u>Finances.</u> The term "finances" means assets and liabilities, whether past, contemporaneous, or anticipated.

J. <u>Individual.</u> The term "individual" is defined as any natural person or any business, legal, or governmental entity, or association.

K. <u>Kattegat.</u> The term "Kattegat" means Kattegat Limited and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

L. <u>Operations.</u> The term "operations" means the course of business, whether ordinary or otherwise, and all activities and occurrences related to operating such business.

M. <u>Person.</u> The term "person" is defined as any natural person or any business, legal, or governmental entity, or association.

N. <u>Plantation/Plantations.</u> The terms "Plantation" and "Plantations" refer to the lands owned or operated by United Oils Limited in Peru, the planting and harvesting of which formed the basis for the investment of IJK Palm, among others.

O. <u>Relate to/Related to/Relating to/Regarding.</u> The terms "Relate to," "related to" "relating to," and/or "regarding" shall be defined broadly as in any way constituting, concerning, evidencing, mentioning, respecting, bearing on, referring to, pertaining to, or addressed in whole or in part to that subject.

P.   <u>Southern Harvest.</u> The term "Southern Harvest" means Southern Harvest Partners, L.P., SH UOL Administrative Agent, Ltd., and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

Q.   <u>United Oils Limited.</u> The term "United Oils Limited" means United Oils Limited, SEZC, and any other affiliated entity now or at any time existing under the laws of any jurisdiction.

R.   <u>You/Your.</u> The terms "you" and "your" include not only the subject of the subpoena, but also, where applicable, its agents, representatives, and any other persons acting on or purporting to act on its behalf.

## INSTRUCTIONS

A. For any requested document or part thereof that is withheld under a claim of attorney-client privilege or attorney work product or other immunity, You shall make the claim expressly and You shall describe in a log the nature of the material withheld in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(c).

B. Notwithstanding the assertion of any objection, any requested document which You object to producing but which nevertheless contains non-objectionable information that is responsive to this Subpoena must be produced, but that portion of the document as to which the objection is asserted may be redacted, provided that such portion of the document is marked "redacted." For any document produced with redactions made under any objection or claim of attorney-client privilege or attorney work product or other immunity, You shall make the objection or claim expressly and You shall describe in a log the nature of the portion of the document redacted in a manner that will enable IJK Palm, as well as the Court, to assess the applicability of the objection, privilege or immunity claimed, in accordance with the requirements of Fed. R. Civ. P. 26 and District of Connecticut Local Civil Rule 26(e).

C. The documents requested below are to be produced as they are kept in the usual course of business and labeled in such a way as to show which files and offices they came from. Copies of all labels or other markings indicating the nature, source or other characteristics

SCHEDULE A

Page 5 of 9

of documents produced, such as labels on file folders, dividers and other containers, should be included with the documents produced so as to facilitate understanding of who keeps the documents produced, where they are kept and how they are organized.

D. All non-identical versions or copies of each responsive document shall be produced, regardless of whether the version are non-identical due to handwritten notations, revisions, or otherwise.

E. All documents produced in response to this subpoena shall include all attachments and all enclosures referred to in the documents or originally attached or enclosed with the document requested or to be produced.

F. If any document requested has been lost, discarded, destroyed or deleted, the document so lost, discarded, destroyed or deleted shall be identified as completely as possible, by including at least the following information: (1) the nature of the material disposed; (2) the date of disposal; (3) the manner of disposal; (4) the reason for disposal; and (5) the person responsible for the disposal.

G. No part of a request shall be left unanswered merely because an objection is made to another part of the request. If there are no documents responsive to a request herein, so state. If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

H. Except as otherwise noted, this request seeks the production of documents created in, used, sent, or received during the period from June 1, 2015, through present.

SCHEDULE A

Page 6 of 9

I.   These requests exclusively seek documents in Your possession, custody, or control.

J.   The use of any entity's or individual's full or abbreviated name or any pronoun referring to any entity or individual means the party and, where applicable, its officers, directors, employees, partners, corporate parent(s), subsidiary or subsidiaries, and/or affiliates.

K.   In complying with these production requests, You may provide copies in lieu of any original documents, provided however that any such copies must be legible. In the case of electronic copies, You shall produce such copies in text-searchable format.

L.   This subpoena is continuing in nature. Under Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement or amend Your responses to this subpoena if You obtain further or different information and/or learn that a response is incomplete or incorrect, and IJK Palm specifically reserves the right to seek supplementary responses.

## DOCUMENTS

**Request No. 1.**     Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 2.**     Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of Dennis Melka, the members of the United Oils Limited Board (whether as a whole or individually), Amerra and/or any individual or entity related to or affiliated with Amerra, other noteholders, or representatives or advisors to employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, regarding United Oils Limited's finances or operations for the time period August 1, 2014, to June 10, 2016.

**Request No. 3.**     Produce all documents that refer or relate to communications between employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest with or involving each of Dennis Melka, William Randall, or any other individual or group involved with the Plantations and its finances or management.

**Request No. 4.**     Produce all documents that refer or relate to communications between (a) employees, agents, representatives, and/or advisors of Kattegat, Anholt, and/or Southern Harvest, and (b) each of CarVal, Seaport Global, and/or any other entity, regarding efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 5.**      Produce all documents received by Krediet in his capacity as a director of United Oils Limited, including but not limited to those that relate to United Oils Limited's finances and/or operations, including all meeting minutes, agendas, materials presented or exchanged, management reports, recommendations made, studies and contingency plans, and/or any other item.

**Request No. 6.**      Produce all documents that refer or relate to any studies, analyses, recommendations, plans, valuations, proposals, advice, investigations, inquiries, and/or investigation, prepared at any time by or for any employee, agent, representative, and/or advisor of Kattegat, Anholt, and/or Southern Harvest related to the projected, current, or future value of the Plantations and/or any efforts to capitalize, re-capitalize, refinance the debt of, or sell United Oils Limited and/or any of its assets.

**Request No. 7.**      Produce all documents that refer or relate to any text messages, emails, telephone calls, or other form of communication made to or received from Dennis Melka and/or any other member of the United Oils Limited board of directors for the time period August 1, 2014, to June 10, 2016.

**Request No. 8.**      Produce all financial records of any type of United Oils Limited.

9393210-1