UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In Re Ex Parte Application of     :
IJK PALM LLC for an Order         :
Pursuant to 28 U.S.C. § 1782      :     CASE NO.  3:16MC171(RNC)
to Conduct Discovery for Use      :
in a Foreign Proceeding           :

RULING ON APPLICATION FOR
DISCOVERY PURSUANT TO 28 U.S.C. § 1782

IJK Palm LLC ("IJK Palm"), filed this ex parte[1] application for an order pursuant to 28 U.S.C. § 1782 to take discovery for use in a foreign proceeding. (Doc. #1.) IJK Palm seeks leave to serve subpoenas compelling eight non-party individuals and entities located in the District of Connecticut to provide documents and deposition testimony for use in a foreign legal proceeding that IJK Palm plans to file in the Cayman Islands. For the reasons set forth below, the application is GRANTED.[2]

I.  Background

IJK Palm intends to file a shareholder derivative lawsuit in the Cayman Islands in connection with an investment it made in United Oils Limited SEZC ("United Oils"), a palm oil producer

---

[1] The Second Circuit has recognized that "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." Gushlak v. Gushlak, 486 Fed. App'x 215, 217 (2d Cir. 2012).

[2] United States District Judge Robert N. Chatigny referred the application to me on June 16, 2016. (Doc. #11.)

operating in the Cayman Islands.  IJK Palm seeks discovery from: (1) Kattegat Limited ("Kattegat"); (2) Anholt Services (USA), Inc.; (3) Anholt Capital Partners (USA), Inc.; (4) Anholt (USA) LLC; (5) Anholt Investments Ltd (collectively, "the Anholt entities"); (6) Southern Harvest Partners, L.P. ("Southern Harvest"); (7) I. Joseph Massoud; and (8) Rudolph Krediet.  IJK Palm believes that Kattegat owns the Anholt entities, which are managed by Massoud, and that the Anholt entities own Southern Harvest, which is managed by Krediet.

IJK Palm alleges the following facts.  It is an equity shareholder in United Oils.  Southern Harvest, acting on behalf of Kattegat and the Anholt entities, holds a large portion of United Oil's secured debt.  Recently, United Oils defaulted on its payment obligations to Southern Harvest and other secured debtholders.  As a result, the Anholt entities have attempted to obtain for themselves a large portion of the equity in United Oils and have forced United Oils into liquidation.  IJK Palm contends that it "will likely see almost all of its investment vaporized and reconstituted as equity for the debtholders." (Doc. #1-3, p. 7.)

IJK Palm intends to bring a lawsuit in the Cayman Islands against United Oils' CEO, Dennis Melka, as well as its board members, for breach of fiduciary duty, negligence, and fraud.

To that end, IJK Palm already has hired attorneys in the Cayman Islands, extensively investigated the parties involved using publicly-available resources, and conducted a thorough review of its own files. IJK Palm's attorneys have advised that the pleading standards in the Cayman Islands are very high and require, at the outset of the litigation, a submission of detailed evidence that proves the existence of fraud and mismanagement. Without this submission, the complaint is subject to dismissal.

II. Discussion

IJK Palm seeks discovery from Kattegat, the Anholt entities, Southern Harvest, Massoud, and Krediet pursuant to 28 U.S.C. § 1782. Section 1782 "allows United States courts to order discovery 'for use in a proceeding in a foreign or international tribunal.'" Vera v. Republic of Cuba, 802 F.3d 242, 247 (2d Cir. 2015). It provides in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

3

28 U.S.C. § 1782(a).

"In ruling on an application made pursuant to section 1782, a district court must first consider the statutory requirements and then use its discretion in balancing a number of factors." Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012). The statutory requirements of § 1782 are met where "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." Schmitz v. Bernstein Liebhard & Lifshitz LLP, 376 F.3d 79, 83 (2d Cir. 2004). "[O]nce the statutory requirements are met, a district court is free to grant discovery in its discretion." Id.

"In ruling on an application made pursuant to section 1782, a district court must first consider the statutory requirements and then use its discretion balancing a number of factors." Brandi-Dohrn, 673 F.3d at 80. These factors include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings

4

underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004).  "[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts."  Schmitz, 376 F.3d at 84 (internal quotation marks omitted).

Here, the statutory requirements of § 1782 are satisfied. The entities subject to the discovery requests have established their principal place of business in Connecticut and the target individuals reside within the district.[3]  The discovery is for

---

[3] Specifically, Kattegat is a limited partnership registered in Bermuda and operates primarily in Westport, Connecticut through its investment advisor, Anholt Services (USA), Inc. and its affiliates.  Anholt Services (USA), Inc. is a corporation registered in Delaware, with its principal place of business at 61 Wilton Road, Westport, Connecticut 06880.  It is a subsidiary of Kattegat and serves as its investment advisor and manager. Anholt Capital Partners (USA), Inc. is a corporation registered

use in an anticipated lawsuit in the Cayman Islands.  The Supreme Court has explained that the foreign proceeding need not be pending at the time of the § 1782 application, but must be "within reasonable contemplation."  See Intel, 542 U.S. at 259.  As to the last statutory requirement, IJK Palm, as an equity shareholder of United Oils, is an "interested person" in the anticipated foreign litigation.

 A balancing of the Intel factors weighs in favor of granting the application.  First, only one individual, Krediet, from whom IJK Palm seeks discovery may become a participant in the foreign proceeding.  IJK Palm does not anticipate naming any of the remaining targets of the discovery requests in the

---

in Delaware with a principal place of business in Westport, Connecticut.  It is a subsidiary of Anholt Services (USA), Inc.  Anholt (USA) LLC is a limited liability company registered in Delaware, operating primarily in Westport, Connecticut as an affiliate of Anholt Services (USA), Inc.  Anholt Investments Limited is a limited partnership registered in Bermuda, but operating primarily in Westport, Connecticut as an affiliate of Anholt Services (USA), Inc.  Southern Harvest Partners, LP is a limited partnership registered in Bermuda.  It is a subsidiary of Anholt Investments Limited and operates primarily in Westport, Connecticut as an affiliate of Anholt Services (USA), Inc.  I. Joseph Massoud is a resident of the state of Connecticut, with a last known address of 5 Marc Lane, Westport, Connecticut 06880.  He is the managing director of Anholt Services (USA), Inc.  Lastly, Rudolph Krediet is a resident of the state of Connecticut, with a last known address of 8 Outer Road, Norwalk, Connecticut 06854.  He is a partner in Anholt Services (USA), Inc. and is responsible for managing Southern Harvest Partners, LP. (Doc. #1, ¶¶ 4-11.)

foreign proceeding. (Doc. #1-3, p. 19.)  Even if this factor weighs against granting the application in light of Krediet's potential to become a participant in the proceeding, this does not end the court's balancing of the other Intel factors.  See, e.g., In re Application of the Coal. to Protect Clifton Bay, Louis Bacon for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for use in Foreign Proceedings, No. 14MC258(DLC), 2014 WL 5454823, at *3 (S.D.N.Y. Oct. 28, 2014) ("Even assuming, however, that the first Intel factor can weigh against granting a petition . . . that factor does not weigh so strongly as to end the analysis.").  Second, there appears to be no legal barrier to the use of the requested discovery in Cayman Island courts. (Doc. #1-4, Payne Decl., ¶¶ 5-6.)  Third, IJK Palm's request does not conceal an attempt to circumvent foreign evidence-gathering rules.  Rather, the discovery is necessary to satisfy the stringent pleading standard in actions brought in the Cayman Islands alleging fraud and mismanagement. (Doc. #1-4, Payne Decl., ¶ 4.)  Finally, the discovery sought is not unduly intrusive or burdensome.  IJK Palm indicates that although it has named eight subjects of the discovery requests, all of the discovery it seeks likely can be produced by the two named individuals: Massoud and Krediet.  The court's balancing of the Intel factors weighs in favor of granting IJK Palm's

7

application.

III. Conclusion

For these reasons, the court grants IJK Palm's application for an order pursuant to 28 U.S.C. § 1782 to take discovery for use in a foreign proceeding. (Doc. #1.)

This is not a recommended ruling but a ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Rule 72.2 of the Local Rules for United States Magistrate Judges for the District of Connecticut. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection. See 28 U.S.C. § 636(b) (written objections to ruling must be filed within fourteen calendar days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008) (failure to file timely objection to Magistrate Judge's discovery ruling waives appellate review).

SO ORDERED at Hartford, Connecticut this 13th day of July, 2016.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge