UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE APPLICATION OF IJK PALM LLC,<br><br>    Applicant,<br><br>For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a). | CASE NO. 3:16-MC-171 |

## SECOND DECLARATION OF JOSEPH SCHLIDT IN SUPPORT OF APPLICATION FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Joseph Schlidt hereby declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Director of Client Special Services with Godfrey & Kahn, S.C., and in that capacity I manage the business affairs of clients. As pertinent to this matter, I serve as the managing member of applicant IJK Palm LLC ("IJK Palm"). Thus, I have personal knowledge of the business activities of IJK Palm and all of the events that form the basis for IJK Palm's planned lawsuit in the Cayman Islands. I have also reviewed various public records relating to the entities and individuals involved in those events, and have gained personal knowledge in doing so. I make this declaration based upon that personal knowledge, except where my statements are noted to be on information and belief.

2. The debtholders published notice of a foreclosure auction to occur in Peru on three separate days: June 30, 2016; July 7, 2016; and July 14, 2016. Attached hereto as **Exhibit A** is a translation of the notice of foreclosure, as provided to me by Bill Randall, who is a current director of UOL and a former director of Palm Investment Partners ("PIP"). I have been

informed that, on the final day of that auction, the debtholders offered to forgive their outstanding debt in exchange for UOL's palm oil plantations.

3. On July 12, 2016, UOL's liquidators filed a petition in the Grand Court of the Cayman Islands. Attached hereto as **Exhibit B** is a copy of that petition.

4. Notice of UOL's liquidation was published in the Cayman Islands Gazette on July 18, 2016. Attached hereto as **Exhibit C** is a copy of that publication; notice of UOL's liquidation appears on pages 1078 and 1079.

5. UOL is currently in liquidation, and its liquidators are in the process of establishing a liquidation committee. The purpose of the liquidation committee is to assist and advise the liquidators, as well as to set their fees and pass resolutions. PIP has requested to be a member of the liquidation committee, and has agreed that IJK Palm will assist its participation on that committee.

6. On August 12, 2016, I sent a letter to UOL's liquidators advising them of IJK Palm's concerns with the events prior to and following UOL's default. In that letter, I requested that the liquidators either bring a claim on UOL's behalf or, as soon as practicable, advise all interested parties of their intention not to bring a claim.

7. I understand that, if the liquidators will not bring claims on UOL's behalf, then shareholders retain the ability to do so. IJK Palm intends to pursue those claims to the full extent possible, consistent with applicable law, and for that purpose needs discovery from the Anholt Respondents and Bermuda Entities that is relevant to those claims and will support a complaint in the Cayman Islands.

8. IJK Palm also intends to file suit against the current and former directors of PIP, Zack Kembar and Bill Randall, respectively. Throughout the post-default period, Mr. Randall—

the original director of PIP as well as a UOL boardmember and debtholder—inexplicably delayed taking several actions, damaging PIP and, thus, IJK Palm. He later stepped down from his role in PIP and was replaced by Zack Kembar. In the weeks since IJK Palm filed its § 1782 Application, I have learned more facts regarding Messrs. Randall's and Kembar's actions regarding UOL's default and aftermath, which indicate that both may have obstructed PIP's path to recovery. As a result of this obstruction, combined with the affiliation of Messrs. Randall and Kembar with another of UOL's debtholders, have convinced me that IJK Palm has viable claims against those individuals in their capacity as PIP directors. IJK Palm intends to bring those claims against Messrs. Randall and Kembar in their capacity as PIP directors, and will do so in the Cayman Islands after obtaining discovery from the Anholt Respondents and Bermuda Entities that is sufficient to satisfy the Cayman Islands' heightened pleading standards.

9. As a result of the substantial legal fees entailed in IJK Palm's investigation of its claims and legal proceedings to this point, together with its intention to ultimately pursue litigation in the Cayman Islands against both UOL's and PIP's directors, IJK Palm has scheduled a capital call to obtain funding for the remainder of its legal fight.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 8/22, 2016.

Joseph A. Schlidt

16044819.1