UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In Re Ex Parte Application of
IJK PALM LLC for an Order
Pursuant to 28 U.S.C. §1782
to Conduct Discovery for Use
in a Foreign Proceeding

CASE NO. 3:16 MC 171 (RNC)

## DECLARATION OF ROBERT DECOSIMO
## IN OPPOSITION TO MOTION TO COMPEL

ROBERT DECOSIMO hereby declares:

1. I am a principal of Anholt Services (USA), Inc. ("Anholt Services"), an investment management firm that provides services to *inter alia*, Kattegat Limited ("Kattegat"), Anholt Investments Ltd. ("Anholt Investments"), and Southern Harvest Partners L.P. ("Southern Harvest") (together, the "Bermuda Entities").

2. I submit this declaration in opposition to IJK Palm LLC's ("IJK Palm") Motion to Compel Discovery. The statements in this declaration are made upon my personal knowledge.

**The Relationship between Anholt Services (USA), Inc., I. Joseph Massoud, Rudolph Krediet, and the Bermuda Entities.**

3. I. Joseph Massoud and Rudolph Krediet are employed by Anholt Services (USA), Inc. ("Anholt Services"). Anholt Services is a Delaware corporation with its principal place of business in Connecticut.

4. Pursuant to contract (the "Services Agreement"), Anholt Services provides services to the Bermuda Entities, including, *inter alia*, strategic advice and assisting in the negotiation of acquisitions and dispositions of assets in the portfolios of the Bermuda Entities, and performing routine administrative, clerical, financial, legal, and marketing services.

5. Anholt Services and its employees do not make any investment, managerial, or operational decisions for the Bermuda Entities. Anholt Services and its employees do not have authority to bind the Bermuda Entities.

6. Pursuant to the Services Agreement, Mr. Massoud was tasked with negotiating Southern Harvest's investment in UOL and the related debt work-out. All final decisions with respect to Southern Harvest's interests in UOL were made, however, by Southern Harvest's general partner in Bermuda, all related documents were executed by the general partner in Bermuda, all funding of Southern Harvest's loan commitments to UOL under the credit facility were disbursed from Southern Harvest's bank in Bermuda, and all payments by UOL to Southern Harvest under the credit facility were made to Southern Harvest's bank in Bermuda.

**IJK Palm's Delivery of Subpoenas to the Office of Anholt Services**

7. On or about July 20, 2016, the following documents were hand-delivered to the office of Anholt Services in Westport, Connecticut:

    a. Subpoena *ad testificandum* addressed to Anholt Services with appearance date of August 9, 2016 in Westport, Connecticut;

    b. Subpoena *duces tecum* addressed to Anholt Services with return date of July 25, 2016 and production location in Westport, Connecticut;

    c. Witness appearance fee for Anholt Services;

    d. Subpoena *duces tecum* addressed to Anholt Capital Partners (USA), Inc. with return date of July 25, 2016 and production location in Westport, Connecticut;

    e. Subpoena *duces tecum* addressed to Anholt (USA) LLC with return date of July 25, 2016 and production location in Westport, Connecticut;

f. Subpoena *ad testificandum* addressed to I. Joseph Massoud with appearance date of August 10, 2016 in Westport, Connecticut;

g. Subpoena *duces tecum* addressed to I. Joseph Massoud with return date of July 25, 2016 and production location in Westport, Connecticut;

h. Witness appearance fee for I. Joseph Massoud;

i. Subpoena *ad testificandum* addressed to Rudolph Krediet with appearance date of August 10, 2016 in Westport, Connecticut;

j. Subpoena *duces tecum* addressed to Rudolph Krediet with return date of July 25, 2016 and production location in Westport, Connecticut;

k. Witness appearance fee for Rudolph Krediet;

l. Subpoena *ad testificandum* addressed to Kattegat with appearance date of August 9, 2016 in Westport, Connecticut;

m. Subpoena *duces tecum* addressed to Kattegat with return date of July 25, 2016 and production location in Westport, Connecticut;

n. Subpoena *duces tecum* addressed to Anholt Investments with return date of July 25, 2016 and production location in Westport, Connecticut;

o. Subpoena *ad testificandum* addressed to Southern Harvest with appearance date of August 9, 2016 in Westport;

p. Subpoena *duces tecum* addressed to Southern Harvest with return date of July 25, 2016 and production location in Westport, Connecticut; and

q. Witness appearance fee for Southern Harvest.

8. I received the documents when they were delivered to Anholt Services' office, as I was the only person in the office at that time. Neither Mr. Massoud nor Mr. Krediet were in Anholt

#82117572_v1

Services' office at the time the documents were delivered to Anholt Services' office, and neither were personally served.

9. The subpoenas referenced in Paragraph 7, above, which were delivered to Anholt Services are identical to the subpoenas issued by the Court when it granted IJK Palm's *ex parte* application pursuant to 28 U.S.C. § 1782 (Dkt. No. 7.)

10. IJK Palm has never delivered any updated subpoenas to Anholt Services' office.

Dated: New York, New York
February 22, 2021

_____
Robert Decosimo

#82117572_v1