UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In Re Ex Parte Application of
IJK PALM LLC for an Order
Pursuant to 28 U.S.C. §1782
to Conduct Discovery for Use
in a Foreign Proceeding

CASE NO. 3:16 MC 171 (RNC)

## DECLARATION OF CORA LEE STARZOMSKI
## IN OPPOSITION TO MOTION TO COMPEL

CORA LEE STARZOMSKI hereby declares:

1. I am a director of Kattegat Limited ("Kattegat"), director of Anholt Investments Ltd. ("Anholt Investments"), and director of Navco Management, Ltd. ("Navco"), which is the general partner of Southern Harvest Partners, L.P. ("Southern Harvest"). I have been a director of Kattegat since 2019, of Anholt Investments since 2007, and of Navco since 2007.

2. In my capacity as a director of Kattegat, Anholt Investments, and Navco, I am responsible for managing each entity's investment interests and directing their overall investment strategy. I submit this declaration in opposition to IJK Palm LLC's ("IJK Palm") Motion to Compel Discovery ("Motion to Compel").

3. I have reviewed IJK Palm's petition pursuant to 28 U.S.C. § 1782 seeking leave to issue subpoenas to Kattegat, Anholt Investments, and Southern Harvest, (together, the "Bermuda Entities") and this Motion to Compel the Bermuda Entities to comply with the subpoenas. The statements in this declaration are made upon my personal knowledge and review of the Bermuda Entities' corporate documents.

4. As set forth below, the Bermuda Entities are organized under the laws of Bermuda and maintain their sole places of business in Bermuda. The Bermuda Entities do not transact business in Connecticut.

**Kattegat Limited**

5. Kattegat is a limited company organized under the laws of Bermuda, with its principal place of business at Belvedere Building 4th Floor, 69 Pitts Bay Road, Pembroke, HM08, Bermuda.

6. Kattegat's shares are solely held by the trustee of the Kattegat Trust.[1] The Kattegat Trust is a charitable trust established under the laws of Bermuda. The trustee of the Kattegat Trust, in turn, is organized and operated exclusively as a regulated private trust company under Bermuda law. The trustee's principal place of business is in Bermuda. None of the shareholders of the trustee are citizens or residents of Connecticut, nor is any shareholder of the trustee incorporated in Connecticut. No shareholder of the trustee maintains a principal place of business in Connecticut, and no shareholder of the trustee transacts business in Connecticut.

7. Messrs. Massoud and Krediet are not trustees of the Kattegat Trust, nor are they shareholders, directors, employees, or managers of the trustee of Kattegat Trust. Neither have authority to make decisions for or bind Kattegat, the Kattegat Trust, or the trustee of the Kattegat Trust.

8. Kattegat's sole purpose is to serve as the investment holding company for the Kattegat Trust, in accordance with the goals and oversight by the Kattegat Trust's trustees and protector. The income received from Kattegat's investments is used to fund the Kattegat Trust's charitable endeavors.

---

[1] This is so because the Kattegat Trust is organized as what is commonly known as a private trust company structure under Bermuda law. Pursuant to Bermuda law, the Kattegat Trust itself is not a separate legal entity, and thus cannot hold any shares. Accordingly, Kattegat's shares are technically held by the trustee of the Kattegat Trust.

2

9. Kattegat's investment decisions are made by its directors. I have been a director of Kattegat since 2019. I am a Canadian citizen residing in Bermuda. None of Kattegat's other directors, now or in 2016, is a citizen of the United States or resident of the United States.

10. Kattegat operates out of Bermuda. Kattegat maintains its own books and records in Bermuda. Kattegat does not transact business within Connecticut. Kattegat does not have an office or place of business in Connecticut. Kattegat is not registered to do business in Connecticut. Kattegat does not have an agent for service of process in Connecticut. Kattegat does not solicit business or derive revenue from goods used or services rendered in Connecticut. Kattegat does not own, use or possess any real property in Connecticut.

11. Relevant to IJK Palm's § 1782 application, Kattegat does not hold any shares in UOL and did not enter into any credit facility with UOL. Kattegat was not involved in negotiating UOL's debt work-out, as described in IJK Palm's § 1782 application.

**Anholt Investments Ltd.**

12. Anholt Investments is a limited company organized under the laws of Bermuda, with its principal place of business at Belvedere Building 4th Floor, 69 Pitts Bay Road, Pembroke, HM08, Bermuda.

13. Anholt Investments is a wholly owned subsidiary of Kattegat.

14. Anholt Investments was incorporated for the purpose of investing Kattegat's assets in a wide range of asset classes, including land and hard assets, loans to or equity stakes in public and private companies, and anchor or seed interests in funds.

15. Messrs. Massoud and Krediet are not shareholders, directors, employees, or managers of Anholt Investments. Neither have authority to make decisions for or bind Anholt Investments.

#82103600_v5

16. Anholt Investments' investment decisions are made by its directors. I am currently an Anholt Investments director and was an Anholt Investments director in 2016. I am a Canadian citizen residing in Bermuda. None of Anholt Investments' other directors, now or in 2016, is a citizen of the United States or resident of the United States.

17. Anholt Investments' operations are out of Bermuda. Anholt Investments maintains its own books and records in Bermuda. Anholt Investments does not transact business within Connecticut. Anholt Investments does not have an office or place of business in Connecticut. Anholt Investments is not registered to do business in Connecticut. Anholt Investments does not have an agent for service of process in Connecticut. Anholt Investments does not solicit business or derive revenue from goods used or services rendered in Connecticut. Anholt Investments does not own, use or possess any real property in Connecticut.

18. Relevant to IJK Palm's § 1782 application, Anholt Investments does not hold any shares in UOL and did not enter into any credit facility with UOL. Anholt Investments was not involved in negotiating UOL's debt work-out, as described in IJK Palm's § 1782 application.

**Southern Harvest Partners, L.P.**

19. Southern Harvest is a limited partnership organized under the laws of Bermuda, with its principal place of business at Belvedere Building 4th Floor, 69 Pitts Bay Road, Pembroke, HM08, Bermuda.

20. The general partner of Southern Harvest is Navco. Navco is incorporated under the laws of Bermuda, with its principal place of business at Belvedere Building 4th Floor, 69 Pitts Bay Road, Hamilton, HM08, Bermuda. Navco's sole shareholder is Kattegat.

21. The limited partners of Southern Harvest are:

   a. Anholt Investments; and

#82103600_v5

b. A limited company organized under the laws of the Bahamas, with its principal place of business in the Bahamas.

22. Additionally, Southern Harvest has six special limited partners. These special limited partners have only an income interest in Southern Harvest and do not have any voting rights. They make no capital contributions to Southern Harvest, have no management responsibilities or operational responsibilities for Southern Harvest, and have no authority to make decisions for or bind Southern Harvest. The special limited partners of Southern Harvest are Messrs. Massoud and Krediet, and four other individuals residing in Connecticut. Southern Harvest was established for the purpose of investing in agricultural ventures in Central America, South America, and Europe.

23. Southern Harvest's investment decisions are made by Navco, acting through Navco's directors in Bermuda. I am currently a Navco director and was a Navco director in 2016. I am a Canadian citizen residing in Bermuda. None of Navco's other directors, now or in 2016, is a citizen of the United States or resident of the United States.

24. Southern Harvest's operations are out of Bermuda. Southern Harvest maintains its own books and records in Bermuda. Southern Harvest does not transact business within Connecticut. Southern Harvest does not have an office or place of business in Connecticut. Southern Harvest is not registered to do business in Connecticut. Southern Harvest does not have an agent for service of process in Connecticut. Southern Harvest does not solicit business or derive revenue from goods used or services rendered in Connecticut. Southern Harvest does not own, use or possess any real property in Connecticut.

25. Relevant to IJK Palm's § 1782 application, Southern Harvest was approached in or around 2014 to lead a senior secured debt facility to UOL, intended to be short-term bridge

#82103600_v5

financing to provide UOL with time to secure longer term replacement capital through (i) a public offering; (ii) a strategic equity investment; (iii) replacement debt from banks or other traditional lending institutions; or (iv) replacement debt from strategic agri-businesses interested in Peru and/or palm oil. On July 23, 2014, UOL entered into that certain note purchase agreement with various lenders, including Southern Harvest (the "Note Purchase Agreement"). Investment and funding decisions with respect to Southern Harvest's interest in UOL was managed from Southern Harvest's Bermuda office.

**The Relationship between Anholt Services (USA), Inc., I. Joseph Massoud, Rudolph Krediet, and the Bermuda Entities.**

26. The Bermuda Entities are party to a service contract with Anholt Services (the "Services Agreement"), pursuant to which Anholt Services provides certain services including, *inter alia*, strategic advice and assisting in the negotiation of acquisitions and dispositions of assets in the portfolios of the Bermuda Entities, and securing or enforcing debts owed to the Bermuda Entities and security interests held by the Bermuda Entities.

27. Messrs. Massoud and Krediet's relationship with the Bermuda Entities, thus, is governed by the Service Agreement, and any actions taken by Mr. Massoud or Mr. Krediet at the direction of the Bermuda Entities is pursuant to the Services Agreement.

28. Pursuant to the Services Agreement, Mr. Massoud negotiated on behalf of Southern Harvest to invest in UOL as well as the related debt work-out. However, the authority of Southern Harvest to approve the terms of its investment in UOL and to approve the proposed debt work-out was exclusively retained and exercised by the general partner of Southern Harvest in Bermuda. None of Anholt Services, or its employees, have the authority to bind Southern Harvest and such authority is not conveyed pursuant to the terms of the Services Agreement.

#82103600_v5

29. To be clear, the Bermuda Entities are not shell companies operated by Anholt Services through Messrs. Massoud or Krediet. Each of the Bermuda Entities have their own directors who are responsible for developing the business and investment strategy for that entity. The Bermuda Entities' directors instruct Anholt Services and give Anholt Services limited authority to act on behalf of the Bermuda Entities with respect to certain investments. Neither Anholt Services, nor its employees Messrs. Massoud and Krediet, has the authority to bind the Bermuda Entities.

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: New York, New York
February 22, 2021

*Cora Lee Starzomski*

#82103600_v5